KENDALL
*v.*
BROWN.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## W. E. THOMPSON *v.* R. R. BARROW.

Defendant pointed out to the sheriff, for seizure under two executions, property which, he stated at the time, was far more than sufficient to satisfy them. The sheriff seized it under those executions, and under that of plaintiff at the same time. *Held:* We are not pre-

THOMPSON
*v.*
BARROW.

pared to say, that, under the circumstances, the defendant was entitled to notice of seizure.

APPEAL from the District Court of Terrebonne, *Randall.* J.   *J. H. Ilsley* and *J. D. Cole*, for plaintiff.   *J. C.* and *A. Beatty*, for defendant.   By the court :   (*Slidell*, J., absent.)

ROST, J.   There is no error in the judgment in this case.   The defendant had pointed out to the sheriff for seizure, under two other executions, property which, he stated at the time, was far more than sufficient to satisfy them.   The sheriff seized it under those executions, and under that of *Thompson*, at the same time.   We are not prepared to say that, under those circumstances, the defendant was entitled to notice of seizure.   *Hewitt* v. *Stephens*, 5 Ann. 640.   But if he was, he had left his residence, under circumstances which authorized the appointment of a curator *ad hoc*, to represent him, and the service made upon the curator *ad hoc*, appointed by the court, is valid.

The words, " acres or arpents," used in the advertisement of the property, when the word " acres," should alone have been inserted, refer only to a considerable portion of the land seized, and the word " arpents," taken in connection with the entire advertisement, is mere surplusage.   The advertisement, after describing this and other sections of land, the contents of which are given in acres, sums up the whole as follows :   " containing, together, 1696 acres and. 23-100ths."   They clearly showing, that the contents of section No. 40, were also measured in acres.

There was no pretext for enjoining the sale, and damages were properly allowed.

The judgment is affirmed, with costs.